DA 10-0350

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 266N

HEIDI BRAUN,

       Plaintiff and Appellant,

  v.

WELLS FARGO BANK, N.A.,

       Defendant and Appellee.
_____

WELLS FARGO BANK, N.A.,

       Third-Party Plaintiff,

  v.

WILLIAM G. PRZYBYLOWICZ,

       Third-Party Defendant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                 In and For the County of Ravalli, Cause No. DV 2009-203
                 Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Quentin M. Rhoades, Robert D. Erickson, Sullivan, Tabaracci
              & Rhoades, P.C., Missoula, Montana

       For Appellee:

              Jeffrey T. Dickson, Kevin S. Jones, Christian, Samson & Jones, PLLC,
              Missoula, Montana

Submitted on Briefs:  December 2, 2010

Decided:  December 14, 2010

Filed:

_____
                        Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Heidi Braun filed a Complaint to Quiet Title against Wells Fargo Bank, N.A., in the Twenty-First Judicial District Court, Ravalli County. Wells Fargo, in turn, filed a third-party complaint against Braun's ex-husband, William Przybylowicz, for indemnification. Wells Fargo and Braun then filed cross-motions for summary judgment. The District Court granted Wells Fargo's motion and denied Braun's motion. Braun appeals.

¶3 The dispute in this case concerns real property and the validity of a deed signed by Braun. Based on the pleadings, exhibits, and depositions, the District Court constructed the following timeline of relevant events. Braun and Przybylowicz were married from February 1972 to July 2008. In the late 1970s, Przybylowicz purchased the real estate at issue, which at the time was a single parcel consisting of 13.82 acres. In February 1979, Przybylowicz deeded the property, then described as "Parcel C," to himself and Braun as joint tenants. In July 1979, a certificate of survey (COS 2249) was recorded, creating Parcel A (1.88 acres) and Parcel B (11.94 acres) out of Parcel C. Both Przybylowicz and Braun participated in this subdivision. In the mid-1990s, the entire 13.82 acres was

3

deeded to Braun when Przybylowicz was in prison, in order to protect the property from forfeiture. Braun was aware that the property had previously been divided into Parcel A and Parcel B. In April 1996, Braun reconveyed the property to herself and Przybylowicz after Przybylowicz was out of prison. The property was described as Parcel A and Parcel B. In October 2003, Braun and Przybylowicz secured a line of credit from First Security Bank with both Parcel A and Parcel B.

¶4 In November 2005, Braun signed the quitclaim deed at issue. She states that she signed this deed in order to convey her interest in Parcel A to Przybylowicz so that he could sell Parcel A and pay off the First Security loan. She claims that she did not intend to convey her interest in Parcel B to him. Braun admits, however, that she did not read the deed very well before signing it.

¶5 At the time of signing, the deed mixed up the grantor and grantee designations. Thus, Przybylowicz subsequently corrected them so that Braun was the grantor and Przybylowicz was the grantee. Braun does not object to the fact that Przybylowicz did this—and in fact, as Wells Fargo points out, Braun necessarily had to be the grantor and Przybylowicz the grantee in order to effectuate her intent of conveying to him her interest in Parcel A.

¶6 The primary dispute concerns the description of the property. At the time of signing, the deed contained a legal description, handwritten by Przybylowicz, which described the entire 13.82 acres (i.e., the whole of what originally had been Parcel C). After Braun signed the deed, Przybylowicz added to the legal description the words: "Parcel C see Exhibit 'A' attached." Exhibit A, in turn, contained a typewritten

4

description of the 13.82 acres with the words "COS survey 2249 Parcel A + B" handwritten at the bottom of the page. Braun was not aware that Przybylowicz had altered the deed in this manner. She does not object to alteration insofar as it includes Parcel A, but she does object to alteration insofar as it includes Parcel B, claiming that her intent was to convey her interest in Parcel A only.

¶7    In January 2006, First Security Bank executed a deed of partial reconveyance, transferring Parcel A back to Przybylowicz and Braun. Braun claims she knew nothing about this and was not involved in the transaction. In April 2006, Braun was served with a petition for legal separation. Later in April 2006, Przybylowicz sold Parcel A, with Braun's knowledge, but did not use the proceeds to pay off the First Security loan. Braun claims that the parcel sold for $179,000 and that she was to receive half of this amount, but that she received only $5,000 after Przybylowicz paid her medical bills for her.

¶8    In May 2006, a decree of legal separation was entered. Reciting that the parties had acquired real property during the marriage consisting of "a house and 12 acres," the court ordered the property to be sold, the proceeds to be equally divided, and each party to be responsible for half of the First Security debt. At this point, the parties still owned Parcel B, but not Parcel A, and they owed First Security approximately $95,000. In July 2006, Przybylowicz borrowed $100,000 from Wells Fargo. This loan was secured with a deed of trust, signed by Przybylowicz, that encumbers all of Parcel B. Braun knew that Przybylowicz was taking out this loan, presumably to pay off First Security Bank, and Przybylowicz in fact used the money borrowed from Wells Fargo to pay off the debt to First Security. In July 2008, a decree of dissolution of marriage was entered. We note

5

that Braun has not sued Przybylowicz over the alleged improprieties relating to the 2005 quitclaim deed.

¶9 The parties argued a number of different theories in their motions for summary judgment, but we conclude that the following issue is dispositive of this appeal. Braun claims that she still has an undivided one-half interest in Parcel B as a tenant in common, and she seeks to negate Wells Fargo's encumbrance on that interest by invalidating the 2005 quitclaim deed. Braun claims that the deed is a forgery and thus is void *ab initio*, or that it was obtained through fraud and thus is voidable. *See Erler v. Creative Fin. & Invs.*, 2009 MT 36, ¶ 22, 349 Mont. 207, 203 P.3d 744. We review a district court's decision on a motion for summary judgment de novo. *Paull v. Park County*, 2009 MT 321, ¶ 17, 352 Mont. 465, 218 P.3d 1198.

¶10 First, as to the forgery claim, a forgery is "the false making or material alteration, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of legal liability." *Erler*, ¶ 22 (internal quotation marks omitted). The District Court rejected this claim because none of Przybylowicz's alterations to the quitclaim deed were "material." The court observed that: (1) Braun admits she signed the deed, though she says she did not read it "in its entirety" at the time she signed it; (2) Braun does not object to Przybylowicz's correction of the grantor and grantee designations on the deed; (3) Braun does not object to the handwritten property description that appeared on the deed when she signed it; (4) the metes-and-bounds description of the property being conveyed comes from the legal description of the entire 13.82 acres of what was formerly known as Parcel C, rather than using the separate

6

descriptions of Parcel A and Parcel B created by COS 2249; and (5) Przybylowicz's addition of the words "Parcel C see Exhibit 'A' attached" did not change the location or amount of acres being conveyed, but only described the exact 13.82-acre parcel more accurately, which Braun does not deny. The court accordingly concluded that there was no forgery, that the deed operated to transfer Braun's interest in the entire 13.82 acres (including Parcel A *and* Parcel B) to Przybylowicz, and that Wells Fargo's encumbrance, therefore, affects all of Parcel B. On appeal, Braun merely rehashes her "forgery" theory and fails to show any error in the District Court's ruling.

¶11 Second, Braun contends that the District Court failed to consider her fraud theory, which is premised on the notion that Przybylowicz "misrepresented the effect of the deed." As Wells Fargo points out, however, the District Court did consider this theory—and rejected it—in a separate order. The court first observed that Braun's complaint omitted any mention of the word "fraud," failed to allege fraud against Przybylowicz, and failed to address the nine elements of fraud set out in *Pipinich v. Battershell*, 232 Mont. 507, 511, 759 P.2d 148, 151 (1988). Next, the court observed that Braun, without distinguishing between actual fraud and constructive fraud, "breezily concludes" that Przybylowicz committed fraud based solely on her own conclusory and self-serving assertion that he lied to her about the extent of the legal description he had prepared. In this regard, the court noted that Braun and Przybylowicz had conveyed and reconveyed Parcels A and B a number of times in previous years and that the 2005 deed contained the legal description of the entire 13.82 acres. The court expressly refused to hold that a deed can be subject to challenge and a trial, years after being signed, based on nothing more

7

than the grantor's assertions that she failed to read the document carefully, took another person's word for what was written therein, and thus has no legal responsibility for the deed. Finally, the court concluded that Braun had failed, in any event, to satisfy at least three of the nine elements of fraud—namely, materiality, her ignorance of the falsity of the representation, and her right to rely on the representation. On appeal, Braun again fails to show any error in the District Court's ruling.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court correctly granted summary judgment in favor of Wells Fargo. Braun's contentions that the deed was forged and that she was induced by fraud to sign it are frivolous and totally without merit.

¶13 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS